IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEAN E. LERCH,                              3:11-CV-06164-BR

       Plaintiff,                         OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.

DREW L. JOHNSON
1700 Valley River Drive
Eugene, OR 97405
(541) 434-6466

LINDA S. ZISKIN
Ziskin Law Office
P.O. Box 2237
Lake Oswego, OR 97035
(503) 889-0472

       Attorneys for Plaintiff

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**KATHY REIF**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900
Seattle, WA  98104
(206) 615-3851

        Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Sean E. Lerch seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

   For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

   Plaintiff filed an application for DIB on May 20, 2008,

alleging a disability onset date of July 20, 2006. Tr. 180.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 16, 2009. Tr. 44-131. At the hearing Plaintiff was represented by an attorney. Plaintiff, Plaintiff's wife, and a vocational expert (VE) testified.

The ALJ issued a decision on February 12, 2010, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 14-31. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on March 24, 2011, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on June 3, 1965 and was 44 years old at the time of the hearing. Tr. 166. Plaintiff completed high school and a number of college courses. Tr. 54. Plaintiff has past relevant work experience as a security guard, security office worker, customer-service representative, dispatcher, appointment clerk, staffing clerk, and appraiser assistant. Tr. 114.

Plaintiff alleges disability due to lower-back pain with

---

[1] Citations to the official transcript of record filed by the Commissioner on September 16, 2011, are referred to as "Tr."

3 - OPINION AND ORDER

bilateral radiculopathy, migraines, and acute ulcerative proctitis. Tr. 50.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 23-26.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a

preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I.   **The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the

5 - OPINION AND ORDER

Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not

6 - OPINION AND ORDER

require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R.

7 - OPINION AND ORDER

§ 404.1520(g)(1).

## ALJ'S FINDINGS

On remand at Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since his July 20, 2006, onset date. Tr. 19.

At Step Two, the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the cervical, thoracic, and lumbar spine; colitis; and bursitis. Tr. 19. The ALJ found Plaintiff's medically determinable impairments of obesity, gastrointestinal reflux disease (GERD), migraines, renal colic, hypertension, and hearing loss are not severe.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 240. The ALJ found Plaintiff has the RFC to perform sedentary work including lifting and carrying less than ten pounds frequently, lifting 15 pounds occasionally, standing and walking for two hours in an eight-hour work day, and sitting for six hours in an eight-hour work day. Tr. 21. The ALJ found Plaintiff can never climb ladders, ropes, or scaffolds and should only occasionally stoop, crouch, climb ramps or stairs, and reach overhead. Tr. 21. Finally, the ALJ found Plaintiff needs access to a restroom at the worksite. Tr. 21.

8 - OPINION AND ORDER

At Step Four, the ALJ found Plaintiff is capable of performing his past relevant work as a security officer, customer-service representative, dispatcher, appointment clerk, and staffing clerk as he actually performed those jobs and as those jobs "are generally performed."  Tr. 27.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected lay-witness testimony; (2) improperly rejected the opinion of David Clinger, M.D., Plaintiff's examining physician; (3) failed to give sufficient weight to the decision of the Department of Veterans Affairs (VA); and (4) failed in his assessment of Plaintiff's RFC to include sufficient limitation for Plaintiff's need to use the bathroom at work.

**I.   The ALJ did not err when he rejected lay-witness testimony.**

Plaintiff contends the ALJ erred when he rejected the testimony of Plaintiff's wife, Barbara Lerch, that Plaintiff's back pain, colitis, and migraines have worsened since 2006. Tr. 103.  Barbara Lerch testified Plaintiff suffered five to seven migraines per month, and three to four of those "put him in bed" for three-fourths of the day.  Tr. 108.  The ALJ found Barbara Lerch's testimony regarding Plaintiff's limitations was "accepted as descriptive of her perceptions, however, it does not

9 - OPINION AND ORDER

provide sufficient support to alter the [RFC] . . . [because] [t]he behavior observed is not fully consistent with the medical and other evidence of record."  Tr. 22.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").

The ALJ noted since 2006 Plaintiff has been a stay-at-home parent to his five children between the ages of nine and seventeen.  Tr. 22.  Plaintiff homeschools his children and drives daily to take them to various activities.  In addition, the record reflects Plaintiff has reported to various medical practitioners that ibuprofen works well to control his migraines.  Tr. 20, 438, 488, 812.  The ALJ also noted the frequency with which Plaintiff denied experiencing migraines during his medical examinations.  Tr. 20, 440, 445, 448, 458, 472, 478, 481, 490, 496, 499, 510, 535, 537.

The Court concludes on this record that the ALJ did not err when he found Barbara Lerch's testimony to be of limited value because the ALJ provided legally sufficient reasons supported by

10 - OPINION AND ORDER

the record for doing so.

**II. The ALJ did not err when he rejected the opinion of Dr. Clinger**.

Plaintiff contends the ALJ erred when he rejected the February 2007 opinion of Dr. Clinger, Plaintiff's examining physician.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

Dr. Clinger examined Plaintiff in February 2007 in connection with "an increase in his service-connected left semi-hemilaminectomy and diskectomy [sic], L4-5 . . . [and] claiming individual unemployability benefits." Tr. 423. Dr. Clinger opined Plaintiff's limitations allow him to sit no more than half an hour, to lift and to carry no more than ten pounds "on any regular basis," to walk no more than one to two blocks occasionally, and to avoid twisting and stooping. Tr. 425.

The ALJ did not fully credit Dr. Clinger's opinion because

11 - OPINION AND ORDER

Plaintiff reported to Dr. Clinger during his examination that he could walk for four blocks, sit for up to an hour, and lift and carry 20 pounds. Dr. Clinger, however, found Plaintiff had more restrictive limitations. The Ninth Circuit has held contradictions between a physician's assessment of a claimant's abilities and the physician's notes of the claimant's capabilities are "clear and convincing reason[s] for not relying on the doctor's opinion." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Accordingly, the Court concludes the ALJ did not err when he did not fully credit Dr. Clinger's opinion because the ALJ provided legally sufficient reasons supported by the record for doing so.

### III. The ALJ gave proper deference to the finding of the VA.

In October 2007 the VA determined Plaintiff was "unemployable" due to GERD, migraines, "ulcerative proctitis associated with" GERD, and "left semi-hemilaminotomy and discectomy." Tr. 669-70. Plaintiff contends the ALJ erred when he failed to give proper deference to the VA's finding.

A Social Security disability determination is similar to a VA disability determination in that both are made by federal agencies that provide benefits to those who cannot work due to disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). "[A]lthough a VA rating of disability does not

12 - OPINION AND ORDER

necessarily compel the SSA to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in reaching his decision." *Id*. An ALJ ordinarily must give "great weight" to a VA determination of disability. An ALJ, however, is not compelled to reach an identical result. *Id*. *See also* 20 C.F.R. § 404.1504 ("A decision by any . . . other governmental agency about whether you are disabled . . . is based on its rules and is not our decision . . . . We must make a . . . determination based on social security law. Therefore, a determination made by another agency . . . is not binding on us."). If the ALJ gives less than "great weight" to a VA disability determination, however, he must provide "persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1076.

The ALJ considered the VA's determination but reached a different conclusion on the ground that the VA's award was based on the opinions of Dr. Clinger and William Mitchell, M.D., examining physician. The Court already has concluded the ALJ properly rejected the opinion of Dr. Clinger. The ALJ also noted Dr. Mitchell conducted his examination of Plaintiff before Plaintiff underwent a surgery that the record reflects eliminated Plaintiff's work-related limitations associated with migraines and GERD. Tr. 25.

On this record the Court concludes the ALJ did not err when

13 - OPINION AND ORDER

he failed to adopt the VA's disability determination because he provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### IV. The ALJ appropriately accommodated Plaintiff's colitis and GERD in Plaintiff's RFC.

Plaintiff contends the ALJ erred in his assessment of Plaintiff's RFC when the ALJ noted only that Plaintiff needed access to a restroom at his worksite.  According to Plaintiff, the ALJ should have found Plaintiff needs access to a restroom "whenever he needs it, and for however long he needs it, at unpredictable times outside of normal break periods."

Plaintiff points to medical records from June 2003 and August 2005 to support his assertion that he needs access to a restroom at unpredictable times all day.  The ALJ, however, noted Plaintiff was working in June 2003 and August 2005.  In addition, Plaintiff had surgery in Spring 2007 to address his GERD.  The record reflects Plaintiff reported his GERD symptoms were controlled with medication after his surgery.  Tr. 20, 278-79.  In October 2008 Martin Thompson, N.P., noted Plaintiff did "pretty well" with his GERD when he took his medication.  Tr. 811.  In addition, although Plaintiff testified he needs to use the restroom frequently, the ALJ found Plaintiff not to be fully credible because, among other things, Plaintiff's description of his symptoms varies greatly throughout the record and he did not indicate such extreme limitations to his treating

14 - OPINION AND ORDER

medical practitioners. Tr. 23. Plaintiff does not challenge the ALJ's credibility determination.

The Court concludes on this record that the ALJ did not err when he only noted in Plaintiff's RFC that Plaintiff needs access to a restroom at his worksite because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 13th day of June, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER